## Amendment of Security Dealers' Registrations

BROWN, Deputy Attorney General, February 15, 1940. —By memorandum of January 2, 1940, you inquired as to the interpretation which this department places upon certain sections of The Pennsylvania Securities Act of June 24, 1939, P. L. 748. You are particularly interested in determining if your commission must require amendments of registration certificates for the sole reason that a dealer (included in which term is each partner, if a partnership, and each officer, director, manager, etc., if a corporation) has changed his home or business address, or in the case of a salesman, if such salesman has changed his address.

You further inquire concerning the right of your commission to require, by rule and regulation, that dealers and salesmen who have so changed such an address shall notify your commission thereof.

You also ask us to consider the matter of fees which must be charged in case amended registration certificates are required under such circumstances.

The Pennsylvania Securities Act, supra, enacted in 1939, is a new act. It is true, of course, that your commission had been operating previously under The Securities Act of April 13, 1927, P. L. 273, a similar act, but the Act of 1927 and all its amendments are repealed by section 29 of the 1939 act.

An examination of the 1939 act indicates that, with great particularity, the address of the dealer, and the names, residences and business addresses of all persons interested in the business as principals, officers, directors, or managing agent, are to shown on the registry certificate: section 6. Section 8 contains similar provisions as to the residence of a salesman. But the act is silent on the matter of requiring amended registration certificates in cases of change of address of a dealer or salesman.

Section 7 refers to change in personnel as "necessitating" an amended registration certificate. Section 7 reads as follows:

"The certificates of registered dealers shall be in such form as the commission may determine. Changes in the certificates necessitated by changes in the personnel of a partnership, or in the principals, officers, directors, or managing agents of any dealer, may be made at any time, upon written application setting forth the fact necessitating the change. Upon the issue of the amended certificates, the original certificate and the certified copies thereof outstanding shall be promptly surrendered to the commission."

It will perhaps be of value at this point to say that the design of The Pennsylvania Securities Act of 1939

is to secure regulation of sales of securities in this Commonwealth by providing for a strict regulation of dealers. Evidence of this is the fact that throughout the act the emphasis is placed upon dealers. Salesmen are, in fact, registered only upon the application of a dealer, and upon termination of employment of a salesman for a registered dealer, that particular registration of a salesman is canceled by the dealer notifying the commission at once that the salesman has left its employ and by the salesman surrendering at once his registration certificate to the commission: section 8.

The title of the act is additional evidence that the emphasis is upon the registration of dealers.

Section 7, therefore, very consistently sets forth that a change of personnel of any dealer necessitates a change of certificate. It is upon the basis of this section that we have heretofore advised you that death or resignation of a firm member, or the adding of firm members or designated personnel of a corporate dealer, requires amended registration certificates.

But the act in no way limits the right of the commission to require amended certificates for other reasons. That is, the act being silent on the necessity of an amended registration certificate, other than where there is a change in personnel, and the act giving you broad powers to promulgate rules and regulations, it would seem that you are to determine what, if any, other situations call for amended registration certificates.

In this regard, we feel that the only situation which would logically require an amended registration certificate would be a change of a dealer's business address, that is, the business address at which the registered firm conducts its business. Conceivably a dealer may move an office from one city to another, and certainly such dealer should be required to amend. But we see no compelling importance in the case of change in the residence or business address of a salesman, a firm member, or of one of

the designated personnel of a corporate dealer, which would require or necessitate an amended certificate.

We point out also that the legislature could hardly have intended that a salesman should be required to procure an amended registration certificate because of a change in address, because by section 27 of the act the fee for an amended registration certificate is $20 and the original registration certificate is only $10. Needless to say, the legislature could scarcely have intended such a result.

On the other hand, it is essential that you have an up-to-the-minute record of the addresses of all designated dealer personnel and salesmen. Section 15 provides for notice of the time and place of hearing to be sent to a dealer who is alleged to have violated provisions of the act; section 26 provides for injunction proceedings against dealers; and section 5 requires a dealer to consent to service of process upon him by service upon your commission as his agent. It is impossible for us to conceive how your commission can function properly without changes of address being promptly noted upon your records.

It will be entirely proper, therefore, for you to provide by rule or regulation that upon any change of residence or business address of indicated parties, such parties shall notify your commission of such change immediately.

Your authority for making any rule or regulation suggested herein, or which may suggest itself to you, is that part of section 26 of The Pennsylvania Securities Act which provides as follows:

"The administration of the provisions of this act shall be vested in the commission. The commission shall have authority from time to time to make, amend, and rescind such rules and regulations, including rules of practice hereunder before it, and to prescribe such forms, as may be necessary or convenient to carry out the provisions of this act."

Of course, it might be that a salesman or a dealer might desire an amended registration certificate, even though

the commission's rules and regulations would not require the same. An important salesman might prefer to have such amended certificate to show his new address, and a dealer might likewise wish a new certificate. In the event of such application, the applicant should be accommodated, but the fee provided in section 27 of the act, namely, $20, should be charged.

There is apparently no provision for any charge to be made for the noting of changes of addresses in cases where, pursuant to such rule or regulation, your commission would be notified of the change of such address. Provision is made for the commission, by general rule or regulation, to charge fees for certain items set forth in the last paragraph of section 27 of the act, but the changing of an address is not included among such items.

The nature of such items does not readily permit of an interpretation of the act to the effect that a fee should be charged for notation of a change of address. The pertinent language of section 27 is as follows:

"For copies of any papers filed in the office of the commission, or for the certification thereof, for transcripts of testimony taken at hearings before the commission, for the preparation of record of proceedings before the commission, and for issuing subpoenas and summons, the commission shall charge such fees as it shall, by general rule or regulation, prescribe: Provided, however, That the provisions of this section shall not prohibit the commission from issuing free of charge copies of records to other states or to the United States or any of their agencies."

It is our opinion, therefore, and you are accordingly advised that:

1. It is within the province of your commission to determine what circumstances, other than changes in personnel, require amended registration certificates; and you are specifically authorized and empowered by the act which establishes your commission to make and enforce such rules and regulations.

2. Such rules and regulations can include a requirement that in case the office address of a registered dealer is changed an amended registration certificate be required.

3. Such rules and regulations need not require an amended registration certificate in case of change of address, either business or residence, other than as noted in paragraph 2 above, but notice thereof can be required by rule and regulation.

4. In case application is made to you for an amended registration certificate under circumstances where the same would not be required, it would be proper for you to accommodate the applicant for such amended certificate, but in such case the fee of $20 required by section 27 should be charged.

5. You cannot make any charge for the notation of changes of address upon your records.